**NANG DUC VU, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

**No. 04–72895.**

United States Court of Appeals, Ninth Circuit.

Submitted July 22, 2008.[*]

Filed Aug. 5, 2008.

---

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Andrew J. Vazquez, Esq., Law Offices of Andrew J. Vazquez, Pasadena, CA, for Petitioner.

CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, James A. Hunolt, Esquire, M. Jocelyn Lopez Wright, Esquire, OIL, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: B. FLETCHER, THOMAS, and WARDLAW, Circuit Judges.

### MEMORANDUM **

Nang Duc Vu, a native and citizen of Vietnam, petitions for review of the Board of Immigration Appeals' ("BIA") order dis-missing his appeal from an immigration judge's order denying his motion to reconsider. We have jurisdiction under 8 U.S.C. § 1252. Reviewing for abuse of discretion, *Cano–Merida v. INS,* 311 F.3d 960, 964 (9th Cir.2002), we grant the petition for review and remand for further proceedings.

The agency abused its discretion in concluding that Vu's motion to reconsider did not establish "exceptional circumstances" under 8 U.S.C. § 1229a(e)(1) to excuse his failure to appear at his removal hearing. *See Singh v. INS,* 295 F.3d 1037, 1040 (9th Cir.2002) (the agency "should not deny reopening of an in absentia deportation order where the denial leads to the unconscionable result of deporting an individual eligible for relief from deportation"). Vu "diligently appeared for all of his previous hearings," "could have easily misunderstood the [date] of the [missed] hearing," and had an immediate relative visa petition approved shortly after his in absentia removal order. *See id.* (stating that in like circumstances the agency should not "requir[e] the deportation of an individual with a valid claim for relief from deportation").

We grant the petition for review and remand for the agency to revisit Vu's contention that he is not removable, with reference to our intervening case law, *see, e.g., Cuevas–Gaspar v. Gonzales,* 430 F.3d 1013 (9th Cir.2005), and Vu's claims that he is eligible for adjustment of status and relief under former § 212(c).

**PETITION FOR REVIEW GRANTED; REMANDED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.